No. 12231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WALTER THOMAS COOPER,

Defendant and Appellant.

---

Appeal from: District Court of the Fifteenth Judicial District,
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

Harrison, Loendorf and Poston, Helena, Montana.
Jerome T. Loendorf argued, Helena, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
Jonathan B. Smith argued, Assistant Attorney General,
Helena, Montana.
James A. McCann, County Attorney, argued, Wolf Point,
Montana.

---

Submitted: September 25, 1972

Decided: DEC 2 7 1972

Filed: DEC 2 7 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant, Walter Thomas Cooper, was convicted of the crime of assault in the first degree in the district court of the fifteenth judicial district, Roosevelt County. Following the verdict of guilty, the county attorney filed under section 94-4713, R.C.M. 1947, an information charging defendant with prior felony convictions to seek increased punishment beyond that prescribed by section 94-601, R.C.M. 1947, (assault in the first degree), of not less than five years nor more than twenty years.

The procedural process set forth in section 95-1506, R.C.M. 1947, Montana Code of Criminal Procedure, governing increased punishment was followed. Thereafter, defendant was sentenced under section 94-4713, R.C.M. 1947, to an increased term of thirty years in the state prison. The judgment of the district court was appealed to this Court. The conviction was affirmed. The increased sentence was set aside and the cause remanded to the district court for further proceedings and sentencing. The record did not contain competent evidence to establish the identity of defendant as the person alleged by the state to have been convicted of prior crimes, so as to permit the court to proceed under section 94-4713, R.C.M. 1947. State v. Walter Thomas Cooper, 158 Mont. 102, 489 P.2d 99, 28 St.Rep. 835.

On November 4, 1971, after the cause was returned to the district court, the state again sought increased punishment of defendant as a prior convicted felon under section 94-4713, R.C.M. 1947. The state charged defendant by information with two prior convictions (1) that defendant was convicted of assault with intent to kill at Quincy, California, on or about January 25, 1965, and (2) that defendant was convicted of grand larceny at Sidney, Montana, on or about November 15, 1967.

Following this proceeding, the district court resentenced defendant to thirty years in the Montana state prison. Defendant appeals from this sentence and presents three issues for review:

1. Whether the district court erred in admitting state's exhibit "J" in evidence?

2. Whether the district court erred in admitting state's exhibit "K" in evidence?

3. Whether there was sufficient evidence to support the finding by the court of a prior conviction?

State's exhibit "J" is a letter to the Roosevelt County Attorney from an investigator for the sheriff of Plumas County, California. The letter was signed by Leonard Mosely, Investigator, and was also signed by Raynelle Slaten, Plumas County Clerk and ex-officio clerk of the superior court of that county. The letter was impressed with the clerk's official seal. The state has admitted that the form of acknowledgment prescribed by the California statutes was not complete. Exhibit "J" states that the investigator certifies that the photographs attached to the letter are those of Walter Thomas Cooper, who was found guilty of violation of Section 245 of the California Penal Code, assault with a deadly weapon.

When state's exhibit "J" was offered into evidence, defendant objected that no attempt was made to identify, authenticate or prove it and that exhibit "J" was merely hearsay, but the court admitted the exhibit over the objection. Defendant argues again in this appeal that section 94-7209, R. C. M. 1947, provides the rules of evidence in civil actions are also applicable to the criminal code regarding the admissibility of state's exhibit "J".

Defendant argues that Montana law divides writing into two kinds, public and private. Sections 93-1001-1, 1001-2, 1001-3, R.C.M. 1947. He contends the state did not attempt to comply with the law governing the admissibility of either type of writing in evidence. Further, that because none of the requirements for proving a writing as set forth in the above cited statutes were met, it was error for the district court to admit state's exhibit "J" without any proof.

The second exhibit objected to by defendant is state's exhibit "K", which is an identification record maintained by the Federal Bureau of Investigation. The state in attempting to lay a foundation for the introduction into evidence of this exhibit, first called Richard Lee, an FBI agent, to describe the process of obtaining an identification record. Mr. Lee stated that when a fingerprint card is forwarded to the FBI it is compared to the fingerprint cards on file and if the fingerprints forwarded match any of those on file then the identification record of the person whose prints were matched is returned to the requesting party.

The record reveals by way of testimony of the Roosevelt County Attorney and the Roosevelt County Sheriff that neither individual knew who prepared the particular fingerprint card that was mailed to the FBI, although the Roosevelt County Attorney could testify that a fingerprint card was forwarded to the FBI.

Defendant strongly urges that no evidence was introduced to identify the fingerprints mailed to the FBI as those of defendant, Walter Thomas Cooper. Defendant states that no one was able to testify as to whose fingerprints were sent to the FBI, and the County Attorney merely presumed they were Cooper's. Defendant cites De Gesualdo v. People, 147 Colo. 426, 364 P.2d 374, 86 ALR2d 1435, in which the Colorado Supreme Court held that assumptions cannot be indulged in this sensitive area of the law and pointed out that its decisions consistently required strict proof.

De Gesualdo is a similar case in which the defendant was charged with having been convicted of felonies on two prior occasions. The only evidence to identify the defendant with the person previously convicted was the testimony of an identification bureau expert who testified from an identification card in his possession as to his comparison of fingerprints and the photograph on the card with fingerprints on file in

- 4 -

the office of the local sheriff. The court held the evidence was insufficient to support the prior conviction charge because the identification card relied on as a connecting link was not introduced in evidence, and no evidence was introduced to identify the fingerprints in the local sheriff's office as those of defendant.

The state contends the legislature, in adopting the Montana Code of Criminal Procedure in 1967, Title 95, R.C.M. 1947, granted in section 95-1506 the discretion to the court alone to make the determination of whether the defendant to be sentenced is guilty of a prior conviction after the issue of guilt has been decided in a second prosecution. It further contends the sentencing procedure is less strict under the new Code, sections 95-2203 through 95-2205, R.C.M. 1947, which allows a court to consider outside reports about the defendant when determining his sentence. Section 95-2206, R.C.M. 1947, is offered to show that the trial court is given wide discretion in the type of sentence to be imposed; and thus the state contends the rigid rules of evidence requisite in the trial of the issue of guilt should not be imposed on the court at the presentence hearing. The state cites in support Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L ed 2d 1337.

The misconception demonstrated in this case lies in the assumption that the proceedings to "increase punishment" is part of the sentencing procedure; it is not and the statutes under which we proceed are very clear. The fact that the judge makes the determination under the new "procedure" code, section 95-1506, R.C.M. 1947, does not change the character of the proceedings from the procedural method prior to the new code when the matter was tried to the jury.

When the state proceeds against a defendant and alleges a crime, it must prove all the material allegations by competent evidence as required by law beyond a reasonable doubt, and if successful can impose the sentence assigned by statute to that

- 5 -

particular crime. If the state elects to allege further that the defendant is a prior felon and seeks an increase in or beyond that sentence authorized by statute for conviction of the principal crime, then the state must carry the additional burden of proving the allegation of the prior offenses in the same manner as the other material allegations, beyond a reasonable doubt, with competent evidence. If the state is successful, the court is then authorized to proceed under section 94-4713, R.C.M. 1947, and impose the increased sentence provided by that statute.

At this point in the criminal process when the trial judge is authorized to sentence under section 94-4713, R.C.M. 1947, he has all of the latitude provided by the sentencing sections 95-2203 through 95-2205, R.C.M. 1947, and may consider outside reports, presentence investigation, et cetera, to inform the court as to the whole person as set forth particularly in section 95-2204, R.C.M. 1947.

In this cause there has been some comment concerning the exhibits that were admitted by the district court. We will proceed to examine those certified to us by the trial court.

The objection to exhibit "K", the FBI "rap" sheet, is valid. The statement by the state that fingerprint evidence for identification has been accepted by this and other courts as proof of identity is correct. However, the fingerprint method of identification requires an in court showing that the fingerprints relied upon for identification are identical to the known prints of defendant. This is basically the holding in De Gesualdo.

We have examined exhibit "J" and taken together with properly certified documents from the same source (1) exhibit "F", minute entry of arraignment and plea of defendant; (2) exhibit "E", report of probation officers and judgment; (3) exhibit "G", order suspending execution of sentence; and (4) exhibit "I", release on probation, we find the same ex-officio clerk of

- 6 -

court Raynelle Slaten, certified by the judge of the superior court as being such, and the documents "F", "E", "G" and "I" being in due form of law and practice of the state of California, to be the same person who signed and placed the affixed seal on exhibit "J". That the investigator for the sheriff's office made the attesting statement rather than the ex-officio clerk is a claimed technical error in form. The business record kept by the sheriff's department is not a record or file of the clerk's office, as were the accompanying exhibits.

Defendant's objection to the introduction of exhibit "J" was that it was merely hearsay.

Instruments presented in court are all secondhand or out of court assertions, sworn or not, and an exception to the hearsay rule is established by the kind of document, its authenticity, the probability of fraud being practiced on the court and whether or not the genuineness of the offered document has been challenged. Authenticity for admissibility can be demonstrated by direct or circumstantial evidence and sufficiency of the evidence for foundation is within the discretion of the trial judge.

As discussed previously, the exhibits all being related and from the same source and considered together, they have the characteristics of inherent trustworthiness sufficient to move the trial court to grant admission. From these documents, the trial court had substantial credible evidence upon which to base a finding of commission and identity beyond a reasonable doubt in relation to the California conviction.

We therefore affirm this finding and based thereon, the sentence of the trial court is affirmed.

_____
Associate Justice

We Concur:

_Orval L. Browell_

_John Conway Harrison_

Associate Justices.


Mr. Chief Justice James T. Harrison, deeming himself disqualified, took no part in this Opinion.