FRANCIS B. HAYES, Claimant and Respondent, v. J.M.S. CONSTRUCTION, Employer, and AETNA INSURANCE COMPANY, Defendant and Appellant.

No. 14110.
Submitted May 1, 1978.
Decided June 5, 1978.
579 P.2d 1225.

Church, Harris, Johnson & Williams, Great Falls, Cresap S. McCracken (argued), Great Falls, for defendant and appellant.

Hoyt & Lewis, Great Falls, John C. Hoyt (argued), Great Falls, for claimant and respondent.

MR. JUSTICE DALY delivered the opinion of the Court.

Claimant Francis B. Hayes filed a petition seeking compensation

and medical benefits pursuant to the provisions of the Workers' Compensation Act, sections 92-101 et seq., R.C.M.1947, due to an industrial accident sustained on or about October 23, 1975. Defendant carrier AETNA Insurance Company answered, admitting the occurrence of the accident, but alleging the injury had healed, and claimant was thereafter not entitled to compensation.

A hearing on the petition was held on August 16, 1977, before the Workers' Compensation Court. By its findings of fact and conclusions of law, dated November 10, 1977, the court determined claimant had suffered an industrial accident which rendered him totally disabled. It was also determined that claimant had not received proper notice of the termination of benefits, as required by section 92-615, R.C.M.1947. The court thereupon ordered that defendant pay all unpaid medical expenses incurred by claimant and all compensation accrued since the date of termination of payments, in addition to further compensation and any future medical expenses. It was also ordered that claimant be reimbursed for attorney fees and costs incurred as a result of the judicial determination of the claim. Defendant carrier appeals.

The pertinent facts are:

On October 23, 1975, while employed by J.M.S. Construction as a carpenter, claimant was injured when a roof he was working on collapsed. Claimant fell approximately 19 feet to the floor below, with a large truss falling upon him. It was determined during claimant's subsequent hospitalization, that he had sustained a fracture of his pelvis.

Dr. H. J. Borge, claimant's principal physician during the primary phase of recuperation, initially projected a healing period extending into April 1976. However, claimant began to report lower back pain on March 26, 1976. In a report dated April 28, 1976, Dr. Borge indicated claimant was yet unable to return to work.

Claimant continued to complain of serious lower back pain. He was therefore referred to Dr. John H. Avery, a Great Falls ortho-

pedic surgeon. In a July 12, 1976 letter to Compensation Adjusters, Inc., Dr. Avery stated:

"The sciatic pain that Mr. Hayes is experiencing is indeed caused from the initial injury that he sustained on 10/12/75 [sic]. * * * When he returns to work depends of' course on his recuperative success."

It was subsequently determined that claimant should undergo a myelogram to determine whether he had sustained a herniated disc in his back. Dr. Charles P. Vaclavik, claimant's then attending physician, indicated such procedure could not be performed, nor impairment determined, for a period of six months to allow for a large weight loss on the part of claimant. Dr. Vaclavik indicated, however, he was of the impression that claimant was suffering from acute lumbar strain due to trauma incurred by the fall from the roof scaffolding.

Claimant continued to lose weight and receive medical and drug therapy. However, on November 11, 1976, defendant carrier indicated by letter that it was terminating claimant's compensation until the planned diagnostic tests were performed. The notice of termination was not forwarded to claimant but to his then attorney of record. Claimant later testified he received no notice of the termination of benefits until some weeks subsequent to the issuance of the actual notice. In any event, the carrier admits the notice of termination was improperly given.

Claimant continued to seek, and did receive, further medical treatment for his back problem from various specialists subsequent to the actual termination of benefits. Following a substitution of attorneys, claimant filed, on June 20, 1977, the petition for emergency hearing which ultimately led to this appeal.

At the hearing the Workers' Compensation Court indicated it would take judicial notice of the numerous medical reports contained in the court file; neither party offered objection. The sole witnesses to appear were claimant and his wife. Both witnesses testified claimant remained in a great deal of pain due to his back injury and was severely restricted in his daily activities. Following

the hearing, defendant was given the opportunity to depose certain physicians who had treated claimant. However, no depositions were taken.

The Workers' Compensation Court determined claimant was entitled to further temporary total disability compensation and, in addition, attorney fees and costs. This appeal followed.

The issues on appeal are: 1. Whether claimant must prove his injury was proximately caused by an industrial accident through expert medical testimony. 2. Whether the evidence is sufficient to support the determination of the Workers' Compensation Court.

The essence of defendant's argument is that claimant failed to establish the causal connection between his fall from the scaffolding and his back ailment. Defendant contends a claimant must prove such proximate relation by competent medical testimony. Defendant claims error in the Workers' Compensation Court's reliance on the medical reports in the court file, because they are hearsay. *Ronchetto v. Ronchetto* (1977), 173 Mont. 285, 567 P.2d 456; *Matter of Swan* (1977), 173 Mont. 311, 567 P.2d 898; *Matter of Moyer* (1977), 173 Mont. 208, 567 P.2d 47, (District Court erred in relying on non-evidentiary reports of welfare workers in child custody matters); *Groves v. Groves* (1977), 173 Mont. 291, 567 P.2d 459, (trial court properly refused deposition where opportunity for refutation not available); *State v. Nelson* (1977), 172 Mont. 65, 560 P.2d 897, (consideration of sheriff's report improper due to hearsay nature of report).

This issue has been before this Court previously. In *Brurud v. Judge Moving & Storage Co., Inc.* (1977), 172 Mont. 249, 563 P.2d 558, we held:

"It was not a reversible abuse of discretion for the Division to consider the contents of the reports which were a part of its file in the case, the contents of both which were known to the parties at the time of the hearing, and which reports were discussed at the hearing and not challenged, objected to or rebutted in any manner at the hearing." 563 P.2d 561.

The holding in *Brurud* was followed and expanded by the deci-

sion in *Stevens v. Glacier General Assurance Co.* (1978), 176 Mont. 61, 575 P.2d 1326.

"* * * there exists express statutory authority [section 92-814.1, R.C.M.1947] for use of the medical reports in the resolution of a disputed compensation claim, despite their hearsay character.

"It is well settled that it is not an abuse of discretion for the Workers' Compensation Court to consider the contents of medical reports contained in the case file before the court." [Bracketed material added.] 575 P.2d 1329.

■ Counsel for defendant also failed to object to the consideration of the medical reports by the Workers' Compensation Court. If a party fails to preserve the record by offering timely objections with specific grounds therefor, it cannot complain of the matter on appeal. *Kearns v. McIntyre Construction Company* (1977), 173 Mont. 239, 567 P.2d 433.

The determinative issue in the instant case thus becomes one of the sufficiency of the evidence to support the determination of the Workers' Compensation Court.

■ As stated by this Court in *Robins v. Anaconda Aluminum Co.* (1978), 175 Mont. 514, 575 P.2d 67.

"The appropriate test to be applied in reviewing decisions of the Workers' Compensation Court was recently discussed in *Bond v. St. Regis Paper Co.* (1977), 174 Mont. 417, 571 P.2d 372, where we stated:

" 'The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. * * * This Court will not substitute its judgment for that of the trial court as to the weight of the evidence on questions of fact. * * * Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court will not overturn the decision.' " 575 P.2d 69, 35 St.Rep. 215.

■ The clear weight of the medical evidence, as contained in the court file in this case, supports the findings of the Workers' Compensation Court that claimant continues to suffer temporary

total disability due to his back problem, and that his disability was proximately caused by the fall from the scaffolding. The finding of continued total disability is buttressed by the testimony of claimant and his wife to the effect that claimant cannot yet engage in ordinary tasks such as driving or shaving, or recreational activities, let alone perform physical labor.

The sole evidence relied on by defendant appears to consist of the deposition testimony of two of claimant's treating physicians. The first, Dr. Borge, is not a specialist, nor did he treat claimant further after referring him to Dr. Avery in April 1976 for diagnosis and treatment of his back problem. The second, Dr. N. J. Hastetter, treated claimant for the short period of time between the occurrence of the accident and his release from the hospital. Dr. Hastetter indicated claimant had not complained of a back problem during his hospitalization for the fractured pelvis. Defendant offered no trial testimony, nor did it depose the physicians whose reports tended to establish the back injury and its proximate relation to the fall from the scaffolding, despite its opportunity to do so.

We find substantial evidence to support the findings and conclusions of the Workers' Compensation Court in this case. Under the standards of review articulated above, we decline to disturb the determination of that court.

Accordingly, the order of the Workers' Compensation Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEA and SHEEHY concur.