ROBERT M. HOLTER, District Judge,
dissenting:
I concur in the dissent of Mr. Justice JOHN C. HARRISON, but with these additions.
First, compare the pointing out of undisputed locations of persons and objects in this case with State v. Davison, (1977), 173 Mont. 510, 568 P.2d 159, wherein this Court held that to secure reversal defendant must show he was prejudiced by the jury’s consideration of unoffered and unadmitted exhibits. Under the Davison ruling, there could be no reversal here since the physical locations pointed out by the county attorney to the jury were undisputed by the defendant. Again, the defense is self-defense.
Second, regarding improper closing argument of counsel, , the majority does not indicate they would reverse for clearly improper argument. On the other hand, they do not say they would not reverse, either. It would be helpful for this Court to make that decision for future guidance of trial courts.
Improper argument in this case should not be cause for reversal, in the absence of a clear showing the outcome was affected. The trial judge handled the situation well, and there is no reason to believe the jury disregarded the judge’s instructions.
Counsel for either side of litigation, whether plaintiff or defend *177 ant and whether the litigation is criminal or civil, should be punished for transgressions of the magnitude here. Parties themselves should not be put to greater burden because of such transgressions unless they participated therein or it is clearly shown to have influenced the outcome.