No. 14256

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

HAROLD EATON,

Claimant and Appellant,

-vs-

THE ANACONDA COMPANY, Employer,

Defendant and Respondent.

---

Appeal from: Workers' Compensation Court
Honorable William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Leonard J. Haxby, Butte, Montana

For Respondent:

Stephen Williams and Karla Gray, Butte, Montana

---

Submitted on briefs: June 28, 1978

Decided: OCT 11 1978

Filed: OCT 11 1978

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant appeals from a judgment of the Workers' Compensation Court denying compensation and concluding that claimant's back problems for which he was claiming compensation, were not related to an earlier industrial injury he received on September 29, 1974.

Claimant, Harold Eaton, is a former employee of the Anaconda Mining Company. His duties with the Anaconda Company required him to drive the large trucks utilized in the open pit operations in Butte, Montana. On September 29, 1974, while performing his normal duties, claimant suffered a compensible injury covered by the Montana Workers' Compensation Act. The Anaconda Company, acting as its own insurer, accepted liability for Eaton's injuries and paid his medical expenses and time loss for the period during which claimant was temporarily disabled. Claimant's disability lasted from September 30, 1974 until October 26, 1974, a period of approximately three and one-half weeks.

On October 26, 1974, claimant obtained his doctor's release and returned to his job with the Anaconda Company. He worked, apparently without incident, from October 26, 1974 until January 12, 1976, at which time he was laid off due to a general reduction in force.

Thereafter, while claimant was unemployed, he began to experience disabling pains in his lower back. He consulted numerous doctors and on December 22, 1976, claimant was admitted to the Silver Bow General Hospital for a laminectomy. This first operation did not alleviate the pain, and claimant consulted Dr. McIntosh of the Missoula Neurosurgical Clinic in Missoula, Montana. Dr. McIntosh's treatment apparently ended claimant's lower back pains.

-2-

After claimant obtained a medical release he filed a claim with his former employer, the Anaconda Company, alleging all of his lower back problems stemmed from his September 29, 1974, industrial accident. Claimant instituted an action with the Workers' Compensation Court after the Anaconda Company refused to recognize the compensability of his claim.

On March 7, 1978, the Workers' Compensation Court held claimant had failed to establish by a preponderance of the credible evidence that there was a causal relationship between the September 29, 1974 accident and the back problems suffered in late 1976 and early 1977. From this adverse finding, claimant appeals to this Court.

Claimant raises many issues but all of them can be distilled into his contention that he established by a preponderance of the evidence that there was a causal relationship between the back injury he suffered in 1974 and the back problems that plagued him in late 1976 and early 1977. It was claimant's burden to prove by a preponderance of evidence that his back problems of 1976 and 1977 were causally related to his September 29, 1974 injury. This, he failed to do.

In attempting to establish a connecting link between the 1974 injury and his aggrevated injuries of 1976 and 1977, claimant relied almost exclusively on a letter written by Dr. McIntosh. The letter stated:

"From the information that I have at hand, the herniated disc which Mr. Eaton suffered and recently had treated is believed to have been caused from the injury which he suffered in 1974. With reasonable medical certainty I believe that one could state that there is a causal relationship between his herniated disc and that injury."

This letter is the only medical evidence which supported a causal relationship between the September 29, 1974 accident

and claimant's aggrevated back problems of 1976 and 1977. In their briefs, both parties refer to depositions taken of Dr. Davidson as well as Dr. McIntosh. We note however, that these depositions were not part of the record before the Workers' Compensation Court nor are they included in the record on appeal. Accordingly, we must base our decision solely on the letter of Dr. McIntosh and the testimony introduced to contravert his conclusion.

Dr. Philip Blom, a chiropractor, first saw claimant on June 4, 1975. At that time, Dr. Blom treated claimant for what he thought to be residual effects of the September 29, 1974 accident. He treated claimant for three weeks and when claimant did not appear for a follow-up appointment, Dr. Blom assumed he no longer had any back problems.

Almost a year and a half later (December 13, 1976) claimant again came to Dr. Blom concerning severe back pains. Dr. Blom saw claimant twice on December 13 and twice on December 14. In his deposition, used as part of the trial evidence in this case, Dr. Blom testified that he saw no connection between the original industrial accident and the later back problems of claimant:

> "Q. Dr. Blom, do you have a professional opinion as to whether Mr. Eaton's problems on the second occasion when you saw him were related to the problems you treated him for in the summer of 1975? A. I do have an opinion.

> "Q. What is that opinion? A. I cannot physically or anatomically relate the condition as he presented himself in my office in 1976 back to an injury that happened two years prior based upon the fact that a condition and the acuteness of this condition and the etiology of the original injury does not lay dormant for that period of time."

This Court has a limited scope of review. Where there is substantial evidence to support the findings of the Workers' Compensation Court, we will not overturn their decision. Hayes

v. Aetna Insurance (1978), ____ Mont. _____, 579 P.2d 1225, 35 St.Rep. 722; Bond v. St. Regis Paper Co. (1977), ____ Mont. _____, 571 P.2d 372, 34 St.Rep. 1227. We will not substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact.

There is sufficient expert testimony in the record to support the findings and conclusions of the Workers' Compensation Court.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices