MR. JUSTICE SHEEHY
concurring in part and dissenting in part:
While I agree with the result relating to the custody, division of assets and reversal fo the contempt order, I disagree with the conclusion that the evidence does not support the award of attorney fees.
The wife testified, without objection, that she had incurred a liability for attorney fees in the divorce action of $1,000 to $1,500 which she considered reasonable. No cross-examination on this point occurred, nor was counter evidence offered by the husband to show a lesser fee would be proper.
On that record, it is a fundamental rule of appellate law that the court will only consider objection to evidence to which proper objection have been made in the trial court. Butte Northern Copper *77 Co. v. Radmilovich (1909), 39 Mont. 157, 101 P. 1078. If a party fails to preserve the record with timely objection and specific grounds therefor, that party cannot complain of the matter on appeal. Hayes v. J.M.S. Construction Co. (1970), 176 Mont. 513, 579 P.2d 1225.
Here, with a trial transcript of 230 pages, and five detailed exhibits prepared and submitted, it should be apparent to any district judge what the reasonable fees of attorneys would be to represent the petitioner in such a proceeding. It is a futile act to return the case to the District Court on this point. Very probably, a telephone call between counsel will settle the issue at or near the court’s order, for the reasonableness of the award is apparent. If anything, we should return the case with instructions to the District Court to consider additional attorney fees to the petitioner or appellant, because, aside from the issue on the temporary support order, the appeal is near frivolous.