No. 13498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

WILLARD BRURUD,

              Claimant and Respondent,

    -vs-

JUDGE MOVING & STORAGE CO., INC.,
Employer and TRANSPORTATION INSURANCE
COMPANY,

              Insurer and Appellant.

---

Appeal from:  Worker's Comp Court,
             Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
         Montana
        H. Dale Schwanke argued, Great Falls, Montana

    For Respondent:

        Hoyt and Bottomly, Great Falls, Montana
        John C. Hoyt argued, Great Falls, Montana

---

                   Submitted: March 15, 1977

                   Decided: APR 1977

Filed: APR 1977

         Thomas J. Kearney
                      Clerk

Honorable Peter G. Meloy, District Judge, sitting in place of Mr. Chief Justice Paul G. Hatfield, delivered the Opinion of the Court.

Respondent was injured in an industrial accident and filed a claim for compensation with the Montana Workers' Compensation Division. Thereafter, a dispute arose between respondent and appellants concerning the nature and extent of respondent's resulting disability. A hearing was held before a division hearing examiner on July 25, 1974. On November 26, 1974, an order awarding compensation was entered by the administrator of the division, which order awarded respondent permanent total disability benefits and a lump sum advance of $7,500. The order was duly appealed and the award affirmed by the Workers' Compensation Court, by order dated May 25, 1976. This appeal is taken therefrom.

The Workers' Compensation Court's review of the Workers' Compensation Division is limited by section 82-4216, R.C.M. 1947. That section admonishes the review court that it:

> " * * * shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. * * * The Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> "(a) in violation of constitutional or statutory provisions;
>
> "(b) in excess of the statutory authority of the agency;
>
> "(c) made upon unlawful procedure;
>
> "(d) affected by other error of law;
>
> "(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;
>
> "(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> "(g) because findings of fact, upon issues essential to the decision, were not made although requested."

Montana has adopted the "clearly erroneous" test and while no Montana cases have defined the term it appears that the citation of petitioner in the case of United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L ed 746, 766, is a proper definition. Therein it stated:

> "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

The appellants contend the Workers' Compensation Court erred in affirming the Workers' Compensation Division in the following particulars:

(1) The evidence before the Division was insufficient to support a finding of permanent total disability.

(2) The Division could not consider the medical reports in the Workers' Compensation file.

(3) The Workers' Compensation Court erred in not allowing appellant insurance company to present additional evidence.

(4) The Division had no authority to order an advance to the workman.

We will discuss these issues within the limitations of section 82-4216.

(1) It is true that the only evidence brought out at the hearing as to the nature and extent of respondent's disability was the testimony of the respondent himself. This testimony brought out that respondent, who was age 58 at the time of the injury and reached age 62 on January 13, 1977, had an entire adult work history of heavy labor. He has a high school education and has since worked about 25 years as a meat cutter and about 15 years as a laborer in the moving and storage business.

There was no medical testimony presented at the hearing. According to the memorandum accompanying the Division's findings

- 3 -

of fact and conclusions of law, both sides seemed satisfied to rely on the medical reports, one submitted by Dr. Popnoe, the treating physician, the other by Dr. Forbeck, who examined the claimant, apparently at the request of defendant insurance carrier.

Dr. Popnoe wrote on April 10, 1974 in a report addressed to the agent of appellant:

> "I feel that he is too old for fusion. He is not trained in any type of work other than heavy work. He conceivably might do very light work not requiring any heavy lifting, pushing or pulling, possibly as a watchman or something similar. It is my feeling that his permanent partial disability considering all things should be approximately 60-70%."

Dr. Forbeck wrote on June 5, 1974 in a report addressed to the appellant with a copy to an agent of appellant:

> " * * * It is hoped that with the passage of time and perhaps a continuation of conservative measures of therapy, his present difficulty will gradually improve, but probably his prognosis in this regard is rather poor. Under present circumstances, I feel that a disability rating of sixty to seventy-five percent would be fair."

Appellants could have presented any medical evidence of their own at the hearing and did not. Based upon what the hearing examiner had at his disposal, the contents of the Division file, the record of the hearing, the medical reports, the age, education and experience of respondent, he had sufficient evidence to support his finding of fact No. 11 that respondent was permanently totally disabled as defined in section 92-441, R.C.M. 1947.

Appellants next contend that before the Division could conclude that respondent was entitled to permanent total disability benefits, a finding must be made that he made a reasonable effort to find regular employment but that no reasonable prospect existed. Appellants therefore contend that the Divisions findings of fact do not support its conclusions of law

and its order awarding compensation.

Nowhere in section 92-441, which defines permanent total disability, does it require such a finding. The statute does require that he have no reasonable prospect of finding regular employment of any kind in the normal labor market; but it does not set out that he must have made a reasonable effort to secure such employment. In some cases, this Court can foresee the futility of such an effort. In this case, the Division in its finding of fact No. 11, clearly saw such a situation. In view of the medical reports, the record of the hearings, and the age, education and work experience of respondent, the Division found no reasonable prospect of respondent finding regular employment in the labor market and because of that found him to be permanently totally disabled. This finding clearly supports the Division's conclusion of law and order awarding compensation.

(2) The medical reports were unsworn and were not offered in evidence. Appellants contend that for the Division to have considered these reports denied appellants their right to cross-examine the preparers and to rebut the evidence contained therein.

The contents of the reports in question, one by Dr. Popnoe, the treating physician, and one by Dr. Forbeck, who apparently examined claimant at the request of the insurance carrier, were known by both parties and were a part of the Division's file in this case. At the hearing the reports and their contents were discussed in part but apparently were not entered into evidence. No other medical evidence was produced at the hearing. The hearing examiner had been given to understand that "both sides seemed satisfied to rely on the two medical reports". This was stated in the memorandum accompanying the order awarding compensation.

- 5 -

It was not a reversible abuse of discretion for the Division to consider the contents of reports which were a part of its file in the case, the contents of both which were known to the parties at the time of the hearing, and which reports were discussed at the hearing and not challenged, objected to or rebutted in any manner at the hearing.

(3) Appellants contend that the Division erred by denying them leave to present additional evidence pertinent to the award of permanent total disability benefits. The additional evidence concerned respondent's disability as well as evidence concerning the retroactive Social Security disability benefits received by respondent. The statute applicable to such an attempt to present additional evidence is section 82-4216(5), R.C.M. 1947. That section requires a showing sufficient to satisfy the Court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency. The court of review was not satisfied with either the materiality or the additional evidence of the reason for failure to present it earlier. This Court will not substitute its discretion for that of the court of review.

(4) Appellant contends that the Workers' Compensation Court erred in affirming the order awarding compensation to the extent it awarded respondent a $7,500 lump sum advance. They contend, first, that the Division lacked jurisdiction to order payment of any advance and, second, that the evidence did not support the amount of the advance in any event. Section 92-715, R.C.M. 1947, which authorizes the conversion of biweekly payments to a lump sum settlement in certain instances, provides in part:

> "Such conversion can only be made upon the written application of the injured worker * * *."

Since respondent did not apply in writing, appellants contend the Division lacked jurisdiction to grant the lump sum advance. It should be understood however, that the award was an "advance" as distinguished from a "lump sum settlement" wherein there is a calculation of the present worth of the deferred payments. Section 92-715 is not applicable to a "lump sum advance."

Under the circumstances here the Division did not abuse its discretion in ordering the advance. Compare Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 268 P. 495.

Appellants further contend that even if the Division did have jurisdiction to grant the lump sum advance, that the evidence did not support an advance in the amount of $7,500 which the Division granted. The burden, they claim, is clearly on respondent to justify the conversion and the amount thereof. This burden, according to appellants, was not met. At the hearing, respondent testified to debts of "around $6,000.00" but he was not certain to whom they were owed or in what amounts. At a later date, a list of amounts owed and to whom owed was provided. This list was unsworn and totalled $7,211. Appellants claim this unsworn list certainly does not justify the lump sum award of $7,500.

The Division, in finding of fact No. 16, found that the contents of the file and record reveal that by a preponderance of the evidence, a lump sum advance to be applied against his final award would be in the best interest of respondent and the public. See Laukaitis v. Sisters of Charity, 135 Mont. 469, 342 P.2d 752. In finding of fact No. 12 the Division found respondent testified at the hearing that his accumulated obligations had become an impossible burden upon him and that he could not meet his financial obligations, past and current, with the amount he received in Workers' Compensation benefits.

- 7 -

In finding of fact No. 17, it found that the outstanding indebtedness of respondent was in the amount of $7,214, which amount does not include fees owed to his attorney. The Division therefore concluded in conclusion of law No. 3 to award claimant a lump sum advance in the amount of $7,500.

This Court does find the evidence sufficient to justify the award of $7,500.

The findings of the Division are not clearly erroneous under section 82-4216, R.C.M. 1947.

The order of the Workers' Compensation Court is affirmed.

_____
Hon. Peter G. Meloy, District Judge,
sitting in place of Mr. Chief Justice Paul G. Hatfield.

We concur:

_____

_____

_____

_____
Justices

- 8 -