No. 13639

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

LESLIE A. BOND,

       Claimant and Respondent,

   -vs-

ST. REGIS PAPER COMPANY, Employer,

   and

ST. REGIS PAPER COMPANY,

       Defendant and Appellant.

---

Appeal from: Workers' Compensation Court,
            William E. Hunt, Judge presiding.

Counsel of Record:

   For Appellant:

      Warden, Walterskirchen and Christiansen, Kalispell,
       Montana
      Merritt N. Warden argued, Kalispell, Montana

   For Respondent:

      Joe Roberts argued, Libby, Montana

---

              Submitted: October 6, 1977
             Decided: NOV - 4 1977

Filed: NOV - 4 1977

*Thomas J. Kearney*
                             Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Employer, St. Regis Paper Company, enrolled under Plan I of the Workers' Compensation Act, appeals from a Workers' Compensation Court award to claimant of temporary total disability benefits, medical costs and attorney fees.

The employer hired claimant in 1973 to perform tasks requiring physical labor. In August, 1975, claimant's left wrist was injured during work. Upon consulting a doctor, claimant was advised that he had tendonitis and to rest the wrist for a few days. Following, in October, 1975, the same wrist was again injured during work. X-rays were taken revealing an old, un-united fracture in the left wrist. Claimant was referred to a bone specialist who advised that the wrist needed surgical treatment. Bone grafting was done in November, 1975. Claimant did not return to regular work until June, 1976.

In December, 1975 claimant filed a Workers' Compensation claim. The claim was denied by the employer. A hearing was then held before the Workers' Compensation Court and compensation was awarded to claimant. From this award employer appeals.

Employer raises this issue on appeal:

Was the Workers' Compensation Court justified in adopting conclusions of law to the effect that the claimant's injuries aggravated a pre-existing condition, that claimant was entitled to compensation benefits by reason thereof, that claimant was entitled to payment of medical costs incident to bone grafting procedures for a pre-existing condition, and to attorney fees and costs?

Employer argues that the incidents of August and October, 1975, were not of such a nature and severity as to cause injuries to claimant which made the bone grafting necessary or medically advisable. The main question, therefore, is whether any medical

evidence exists to support the findings of the trial court that aggravation of a pre-existing injury occurred. Employer contends there was no medical testimony to that effect. The loss of time from work and the medical expenses incurred from the bone graft were not job related, and were not proximately caused by the incidents of August and October, 1975. We disagree.

The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. Flansburg v. Pack River Co., ____Mont.____, 561 P.2d 1329, 34 St.Rep. 183 (1977); Kimball v. Continental Oil Co., ____Mont.____, 550 P.2d 912, 33 St.Rep. 517, (1976). This Court will not substitute its judgment for that of the trial court as to the weight of the evidence on questions of fact. Brurud v. Judge Moving & Storage Co., Inc., Employer and Transportation Insurance Co., ____Mont.____, 563 P.2d 558, 34 St.Rep. 260 (1977). Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court will not overturn the decision. Skrukrud v. Gallatin Laundry Co., Inc., ____Mont.____, 557 P.2d 278, 33 St.Rep. 1191 (1976).

In the case at hand the supporting evidence consists in part of the following:

(1) Claimant was hired in 1973 to perform physical labor. From the commencement of employment and continuing for 13 months, claimant worked pulling wet, heavy lumber off the green chain.

(2) Claimant was then transferred into the sawmill where he performed a variety of jobs requiring physical labor. While working in the mill, the incidents of August and October, 1975, occurred. Following the incidents claimant consulted medical experts for alleviation of pain in his wrist.

(3) Witness, Gary Seybald, testified working alongside claimant for 15 months and that claimant performed his job without

- 3 -

difficulty before the incidents.

(4) Witness Seybald also testified knowing claimant's activities outside the job. These activities included various physical tasks which were performed without difficulty before the incidents. Following the incidents claimant was not able to handle the same physical labors.

(5) Witness Robin Swimley testified claimant neither had problems with work nor complained about his wrist prior to the incident in August, 1975.

(6) The summarized testimony of co-workers Haines and Snyder likewise substantiates claimant's job performance.

(7) Medical evidence was given by Dr. Nerud that bone grafting was needed. Dr. Nerud stated that it was a definite possibility that the old un-united fracture was aggravated by the incidents at the mill.

In the case at hand it is undisputed that claimant had a long standing un-united fracture of the left wrist. There is evidence that claimant performed the physical labors required of him up until the time of the injuries. There is evidence that the incidents of August and October, 1975 caused aggravation to claimant's wrist. It is well established in Montana that an employer takes his employee subject to the employee's physical condition at the time of employment. Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133 (1958); Peitz v. Industrial Accident Board, 127 Mont. 316, 264 P.2d 709 (1953). An employee who suffers from a pre-existing condition is entitled to compensation if the condition was aggravated by an industrial injury. Rumsey v. Cardinal Petroleum, 166 Mont. 17, 530 P.2d 433 (1975); Weakley v. Cook, 126 Mont. 332, 249 P.2d 926 (1952). While no medical testimony was presented at the hearing held before the Workers' Compensation judge, there were medical reports and opinions

- 4 -

contained in the file before the court.  It is not an abuse of discretion for the Workers' Compensation judge to consider the contents of the reports.  Brurud v. Judge Moving & Storage Co., Inc., supra.  Based upon what the Workers Compensation judge had at his disposal, the contents of claimant's file containing medical reports and opinions, the testimony of witnesses and claimant, there was sufficient evidence to support his findings.

The order of the Workers' Compensation Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices