No. 13783

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

SEWELL A ROBINS,

        Claimant and Respondent,

-vs-

ANACONDA ALUMINUM COMPANY, Employer

        Defendant and Appellant.


Appeal from:  Workers' Compensation Court
            Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Warden, Walterskirchen & Christiansen, Kalispell,
         Montana
        Merritt Warden argued, Kalispell, Montana

    For Respondent:

        H. James Oleson argued, Kalispell, Montana


                  Submitted:  January 24, 1978

                     Decided:  **FEB 14 1978**

Filed:    **FEB 14 1978**

*Thomas J. Kearney*
             Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by an employer from a judgment in favor of its employee by the Workers' Compensation Court. That court held that the claimant is totally and permanently disabled and is unable to engage in any gainful occupation; that he is entitled to compensation for his total disability (or for compensation for partial disability for total loss of wages), and that the employer is entitled to deduct a credit for Social Security of one-half of the federal periodic benefits paid per week from September 9, 1973, the date of commencement of these benefits, to January 3, 1974, the date the healing period ended. Following a rehearing, requested by both parties, the employer appeals.

Claimant sustained an injury in an industrial accident in 1964 while employed by appellant, Anaconda Aluminum Company at Columbia Falls, Montana. The accident consisted of a fall of approximately 16 or 18 feet. Claimant fractured his skull and some other bones; and he sustained a concussion and was unconscious for some time. As a result of this accident, he had difficulty with his speech, memory, and physical coordination. However, the employer re-employed claimant, full time, at a lower wage and a lighter job. The employer paid him $1,825.51 as a settlement for his being employed at a lower wage.

While engaged in this employment, claimant sustained a second industrial accident on January 26, 1973. He stepped up onto a piece of equipment and fell off, sustaining an injury to his back.

He was first seen by Dr. Kauffman of Whitefish, Montana, his family physician, who diagnosed his condition as an "acute back strain". Claimant was later seen by Dr. Laidlaw, an orthopedist, in Kalispell, Montana. He diagnosed claimant's condition as a

"nerve root compression at the S-1 vertebra level". On April 3, 1973, Dr. Laidlaw performed a partial laminectomy at the L5-S1 level. Compensation and medical expenses were paid by the employer.

Dr. Laidlaw released claimant for work on July 10, 1973. He worked for three days. On August 20, 1973, Dr. Laidlaw again released claimant for work and he worked until February 11, 1974. For the third time, Dr. Laidlaw released claimant for work on May 6, 1974. He worked until December 3, 1974, and has not returned to his former employment since then.

During the periods he was not working, the employer paid compensation to claimant. From September 9, 1973 through July 15, 1975, claimant was receiving Social Security disability benefits.

At the request of the employer, Dr. Laidlaw, on July 11, 1975, made an evaluation of claimant. Dr. Laidlaw determined that claimant was worthy of an award of 20 percent permanent partial disability of the body as a whole as a result of the January 26, 1973 accident.

In October, 1975, claimant filed a petition for a hearing with the Workmen's Compensation Division. A hearing was held before the Workers' Compensation Court on April 6, 1976. The court entered findings of fact and conclusions of law in favor of claimant on June 3, 1976. Both parties petitioned for a rehearing which was held on September 9, 1976. Findings of fact and conclusions of law were entered in favor of claimant on March 9, 1977. The employer appeals.

The sole issue on appeal is the sufficiency of the evidence to support the findings of fact and conclusions of law of the Workers' Compensation Court. Specifically, appellant questions the findings and conclusions in two areas:

1. Sufficiency of the evidence to support the finding and conclusion that the claimant is entitled to compensation for per-

manent total disability; and

2. Sufficiency of the evidence to support the finding and conclusion that the healing period for the claimant ended on January 3, 1974.

The appropriate test to be applied in reviewing decisions of the Workers' Compensation Court was recently discussed in Bond v. St. Regis Paper Co., (1977), ___Mont.___, 571 P.2d 372, 34 St.Rep. 1227, 1238, where we stated:

> "The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. Flansburg v. Pack River Co., ___Mont.___, 561 P.2d 1329, 34 St.Rep. 183 (1977); Kimball v. Continental Oil Co., ___Mont.___, 550 P.2d 912, 33 St. Rep. 517 (1976). This Court will not substitute its judgment for that of the trial court as to the weight of the evidence on questions of fact. Brurud v. Judge Moving & Storage Co., Employer and Transportation Insurance Co., ___Mont.___, 563 P.2d 558, 34 St.Rep. 260 (1977). Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court will not overturn the decision. Skrukrud v. Gallatin Laundry Co., Inc., ___Mont. ___, 557 P.2d 278, 33 St.Rep. 1191 (1976)."

Appellant raises three questions in its first issue: (1) whether claimant has met the burden of proving that his disability resulted from the 1973 injury and not from a disease; (2) whether the "settlement" of the 1964 injury precludes a consideration of that injury in determining claimant's amount of disability; and (3) whether the medical evidence supports an award of permanent total disability.

The Workers' Compensation Court found that the claimant is permanently disabled (Finding of Fact No. 10):

> "That the medical evidence shows that the claimant's prior industrial injury while employed by the same employer and the subsequent industrial injury rendered the claimant totally disabled and that he is at the present time entitled to compensation for injury producing disability permanent in character. That he is entitled to compensation for permanent total disability by virtue of Section 92-702, R.C.M. 1947 (1971)."

-4-

Appellant contends that there is insufficient evidence to support this finding. We disagree.

Appellant argues that claimant's problems with his back were caused by a pre-existing condition and are, therefore, non-compensable, citing LaForest v. Safeway Stores, Inc. (1966), 147 Mont. 431, 414 P.2d 200. The appellant is relying on the testimony of Dr. Laidlaw that the claimant had a congenital abnormality of the lumbosacral junction as the pre-existing condition barring compensation.

The well established rule in Montana is that an employer takes his employee subject to the employee's physical condition at the time of employment. Schumacher v. Empire Steel Manufacturing Co. and Employers Mutual Liability Insurance Co. (1977), ____Mont. ____, ____P.2d ____, 34 St.Rep. 1112. Close v. St. Regis Paper Co., (1977), ___Mont.____, ____P.2d____, 34 St.Rep. 1528. The fact that an employee is suffering from or afflicted with pre-existing disease or disability does not preclude compensation if the disease or disability is aggravated or accelerated by an industrial accident. Birnie v. U. S. Gypsum Co. (1958), 134 Mont. 39, 328 P.2d 133; Rumsey v. Cardinal Petroleum (1975), 166 Mont. 17, 530 P.2d 433.

The record reflects that claimant was not bothered by his congenital back condition prior to the accidents. He was able to perform his job with no orthopedic problems.

The testimony indicates that his last injury may have aggravated this pre-existing condition. Dr. Laidlaw testified that claimant had an unfavorable result from the surgery and a fusion may be necessary. He testified that the laminectomy was performed in the area of the lumbosacral junction. Further, Dr. Laidlaw testified that it was in the X-rays he took in July, 1975, after the surgery, when he noticed the abnormality of this junction. On

-5-

cross-examination, Dr. Laidlaw stated that people who have this abnormality have more problems with their backs than those who do not. Prior to his injuries, even with this condition, the testimony indicates that claimant could perform his job without back problems.

We find that claimant carried his burden of proof to show that his disability was not the result of disease. The evidence shows that prior to his accidents, claimant did not have any problems with his back. Claimant's abnormality in his lumbosacral junction does not preclude him from compensation for his disability. The evidence shows that his disability was from his accidents and not his congenital back condition.

Next appellant argues that in determining claimant's disability, only the effects of the 1973 injury can be considered. Appellant's contention is that any disability claimant has from the 1964 injury cannot be a factor in determining claimant's current disability. The basis behind this argument is that appellant and claimant agreed to a settlement of that injury. Furthermore, appellant argues that the evidence fails to show an aggravation of the earlier injury by the latter injury.

As was stated earlier, the rule is that an employer takes his employee subject to the employee's physical condition at the time of employment. Schumacher v. Empire Steel Manufacturing Co. and Employers Mutual Liability Insurance Co., supra. An employee afflicted with a disability is not precluded from compensation if the disability is accelerated or aggravated by an industrial accident. Birnie v. U. S. Gypsum Co., supra.

The evidence shows that, as a result of the 1964 injury, claimant had difficulty with his speech, memory and physical coordination. This is according to the testimony of Dr. Kauffman, claimant, and claimant's wife. Claimant testified that when appellant rehired him, after that injury, he was employed at a lighter job

-6-

and a lower wage. Thus, the evidence shows that claimant had a disability when appellant rehired him and appellant took him subject to that disability.

When claimant was injured in 1973, the evidence shows that it was then that he had problems with his back. Both Dr. Laidlaw and Dr. Kauffman testified that claimant was suffering from back pain as a result of his injury. Claimant testified that when he dug a little hole by his house, he could not move for a week afterwards. His wife testified that she has to pull him out of chairs and put on his shoes and socks for him. This evidence shows that the 1973 injury impaired claimant's mobility and caused him to be in pain. The 1964 injury caused claimant to have some disability. However, he was able to return and did return to work. The 1973 injury caused additional disability. After this injury, claimant tried but could not return to work. Thus, this last injury combined with the prior injury entitles claimant to compensation to the extent he is now disabled. In determining the degree of disability, we conclude that both injuries must be considered.

Appellant argues that the medical evidence only supports an award of 20 percent permanent partial disability. This argument is based on Dr. Laidlaw's testimony concerning the disability rating he gave claimant. Dr. Laidlaw testified:

> "Q. All right. Did you arrive at a conclusion as to his disability? A. At that time it was my feeling that his injury was worthy of an award of 20 percent permanent-partial disability of the body as a whole."

We recently held, in Ramsey v. Duncan (1977), ____Mont.____, 571 P.2d 384, 385, 34 St.Rep. 1277, what effect was to be given medical impairment ratings. We stated:

> "Many factors in addition to medical impairment ratings may be properly considered by the court in determining a claimant's disability. For this reason, impairment ratings do not conclusively establish limits on compensation awards

in all cases; rather, such medical impairment
ratings by physicians are simply expert opinion
evidence constituting but one item of evidence
to be considered along with other evidence pre-
sented. Brurud v. Judge Moving & Storage Co.,
Inc., ____Mont.____, 563 P.2d 558, 34 St.Rep.
260 (1977)."

The disability rating given by Dr. Laidlaw only concerns the 1973 injury. This was what he was asked for. He was not asked to determine claimant's overall disability from both injuries. He testified that claimant could return to work depending upon how much pain he was willing to endure. Dr. Kauffman did not determine a percentage disability rating for claimant. He did testify as to the effects of the earlier injury in 1964 on claimant. He also testified that in his opinion, based on claimant's medical history, claimant could not return to the type of work he had been perform-ing because of the pain that accompanied working. Claimant and his wife testified that he was suffering pain in his back. This testi-mony, taken together, is sufficient medical evidence to support the court's award.

We are of the opinion that the question of disability is not a purely medical question. In 3 Larson, Workmen's Compensation Law, §79.53, it is pointed out:

" * * * disability is not a purely medical ques-
tion: It is a hybrid quasi-medical concept, in
which are commingled in many complex combinations
the inability to perform, and the inability to
get, suitable work. * * *"

In determining claimant's degree of disability, another factor must be considered, and that is pain. Dr. Laidlaw testified that pain is a subjective factor and the amount of pain a person is suffering cannot be determined objectively. He testified that it was his professional feeling that claimant has some degree of pain, but that his extent of pain is unknown. Dr. Kauffman, claimant and his wife all testified that claimant was experiencing pain in his lower back when he attempted to work. All of the evidence indicates that claimant was experiencing pain in his back.

> "Louisiana has produced a long line of cases
> finding total disability when work is accom-
> panied by pain.  Several other states, including
> Texas, Nebraska, Illinois and Florida, have
> produced similar decisions, or have at least
> recognized pain as a relevant factor in disabil-
> ity determinations."  2 Larson, Workmen's Com-
> pensation Law, §57.51.

Here, both doctors testified that claimant's work was ac-
companied by pain.  Dr. Laidlaw testified that claimant could work
if he could endure the pain.  Dr. Kauffman testified that claimant
could not work because he could not take the pain.  The issue then
becomes a matter of weight and credibility, which must be concluded
by the judge hearing the matter.  Flansburg v. Pack River Co. (1977),
____Mont.____.  561 P.2d 1329, 34 St.Rep. 183.

We find then that the evidence is sufficient to support a
determination that claimant is totally and permanently disabled.
The evidence shows that as a result of both injuries claimant can-
not work without pain and he cannot endure the pain to work.  This
constitutes substantial evidence supporting a finding of total per-
manent disability.

Appellant asks us to review the sufficiency of the evidence
to support the finding and conclusion that the healing period ended
on January 3, 1974.  Appellant argues that there is no evidence to
prove that the healing period ended on January 3, 1974.  They in-
sist that the only date for the end of the healing period that can
be supported by the evidence is July 11, 1975, when Dr. Laidlaw
determined claimant's disability rating.  We disagree.

We find sufficient evidence to support the Worker's Compen-
sation Court finding and conclusion that the healing period ended
January 3, 1974.  The only testimony in the record on the healing
period is that of Dr. Laidlaw.  He testified:

> "Q.  The idea then is that the healing never
> really stops, it continues through a whole life
> process, is that correct?  A.  I think that with
> back surgery you've reached your maximum benefit
> somewhere between six and twelve months.  If you
> pick a day I'd say nine months."

Nine months from the time of surgery, April, 1973, would be January, 1974. Appellant chose not to rebut this testimony. Sufficient evidence is therefore present to support the finding.

The judgment of the Workers' Compensation Court is affirmed.

_____
                Justice

We Concur:

_____
      Acting Chief Justice

_____

_____
      Justices