NO. 13612

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

EVA STEVENS,

Claimant and Appellant,

-vs-

4-B'S RESTAURANT, INC., Employer,

and

GLACIER GENERAL ASSURANCE COMPANY,

Insurer and Respondent.

Appeal from:   Workers' Compensation Court
               Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Goldman and McChesney, Missoula, Montana
        H. L. McChesney argued, Missoula, Montana

    For Respondent:

        Norman C. Robb argued and Archie Robb argued, Missoula,
        Montana

                              Submitted:  January 27, 1978
                                Decided:  MAR 10 1978

Filed:  MAR 10 1978

                    Thomas J. Kearney
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Claimant Eva Stevens appeals from an order of the Workers' Compensation Court denying her petition for rehearing from findings of fact, conclusions of law, and judgment entered in favor of respondents.

Claimant was employed by 4B's Restaurant, Inc. as a pantry-salad girl in Missoula, Montana. On November 5, 1975, she slipped on some water on the floor and injured her back, shoulder and knee. The day of the accident she went to see Dr. Elmer Gray, a chiropractor, who treated her by chiropractic manipulation. Claimant underwent a series of such treatments by Dr. Gray, and continued working without any loss of wages until December 1, 1975. She has not worked since that date.

On December 17, 1975, claimant filed a claim with the Workers' Compensation Division. 4B's Restaurant is covered under Plan II of the Montana Workers' Compensation Act and its carrier is Glacier General Assurance Company. Glacier paid claimant's medical expenses, and commenced paying compensation at the rate of $76 per week, effective December 1, 1975.

Upon the recommendation of Glacier, claimant was examined by Dr. Robins, an orthopedic specialist, on January 20, 1976. Dr. Robins, by his written report dated January 26, 1976, stated:

> " * * * I can document no evidence at this time why she should not be able to return to her usual occupation."

Claimant then saw another orthopedic specialist, Dr. James Burton, on January 27, 1976. Dr. Burton/February 2, 1976 reported "minimal degenerative arthritic changes in all areas" and recommended an injection, which claimant refused. Dr. Burton found "very little evidence to strongly substantiate any severe or significant injury."

Claimant next requested to see Dr. J. S. Benson, a

chiropractor in Hamilton, Montana. This was approved by the carrier. Dr. Benson reported the fall probably aggravated a pre-existing back condition. He gave her chiropractic and physiotherapy treatments from January 31 to February 28, 1976. Dr. Benson reported there was improvement, but that claimant later complained of a recurrence of symptoms.

On April 20, 1976, claimant returned to Dr. Burton, who recommended an internist, Dr. Adams. Dr. Adams found claimant "appeared to overact to painful stimuli." He recommended medication and physical therapy treatments. Claimant underwent a series of such treatments, except for the neck treatment, ending April 29, 1976.

On May 4, 1976, claimant returned to Dr. Burton. Dr. Burton reported to the carrier on May 11, 1976:

> "On the basis of Dr. Adams' examination as well as Dr. Robins', I can see no reason why you should not terminate her disability period and consider her again employable."

Glacier General terminated claimant's compensation effective May 22, 1976.

On May 26, 1976, claimant petitioned the Workers' Compensation Court for a hearing concerning further entitlement to benefits. The same day, she petitioned the Division to order payment of temporary total disability benefits. The Division denied the request on June 7, 1976.

A hearing was held July 13, 1976, before the Workers' Compensation Court. At the hearing, claimant was the sole witness. Glacier General elected to stand on the record containing the various medical reports of the treating physicians. Claimant objected to the court's consideration of the reports and also moved the court (1) to have claimant examined at a Seattle pain clinic at the expense of the carrier, and (2) to order the taking of the depositions of Drs. Burton and Robins at the expense of the carrier.

On September 13, 1976, the court issued its findings and conclusions denying the claim for further benefits and denying the above mentioned motions.

Claimant petitioned for a rehearing on September 28, 1976. The petition was denied on October 18, and final judgment entered October 27.

Claimant raises three issues on appeal:

(1) Did the court err in considering, over objection, the written medical reports not admitted into evidence?

(2) Did the court err in refusing to order the taking of the doctors' depositions at the expense of defendant carrier?

(3) Did the court abuse its discretion in refusing to grant a rehearing?

Issue 1. Claimant argues the unsworn medical reports referred to above are hearsay, and their use by the court in reaching its decision deprived her of her fundamental right to cross-examination.

The medical reports in question undeniably manifest certain attributes of "hearsay." The classic definition of hearsay was stated by this Court in State v. Newman, (1973), 162 Mont. 450, 457, 513 P.2d 258:

> "'Hearsay' is testimony or evidence of some-
> one's words or conduct outside the court, when
> offered in court to prove the truth of the thing
> being asserted, and thus resting for its value
> upon the credibility of the out-of-court asserter."
> See also: Rule 801(c), Montana Rules of Evidence
> (1977).

The fact that the medical reports in this and like cases are not actually offered into evidence is of little import if they are utilized in the court's decision making process. Therefore, the medical reports must be considered hearsay.

However, a hearing before the Workers' Compensation Court is an administrative proceeding. Section 92-852, R.C.M. 1947.

- 4 -

As such, the rules of evidence applicable thereto are more relaxed than in a court of law. Bond v. St. Regis Paper Co., (1977), ____Mont.____, 571 P.2d 372, 34 St.Rep. 1237; Bergan v. Gallatin Valley Milling Co., (1960), 138 Mont. 27, 353 P.2d 320; Ross v. Industrial Accident Bd., (1938), 106 Mont. 486, 80 P.2d 362. The Workers' Compensation Court is not bound by common law and statutory rules of evidence. Section 92-852, R.C.M. 1947.

The Montana Workers' Compensation Act provides, in the case of a dispute as to the physical condition of the claimant, for the claimant's submission to physical examination by physicians having substantial experience in the field of medicine related to the disputed condition. Section 92-814.1, R.C.M. 1947. Section 92-814.1 also provides:

> " * * * The physician making the examination shall file a written report of his findings with the division for its use in the determination of the controversy involved. * * *"

Thus, there exists express statutory authority for use of the medical reports in the resolution of a disputed compensation claim, despite their hearsay character.

It is well settled that it is not an abuse of discretion for the Workers' Compensation Court to consider the contents of medical reports contained in the case file before the court. Bond v. St. Regis Paper Co., supra; Brurud v. Judge Moving & Storage Co., Inc., (1977), ____Mont.____, 563 P.2d 558, 34 St.Rep. 260.

Here, as in Brurud, the medical reports were unsworn and not offered into evidence. Claimant was well aware of the existence of the reports and their contents, as well as the fact that the employer and carrier would rely on them at the impending hearing. Claimant therefore had every opportunity to present rebutting medical evidence at the hearing, but failed

to do so. We conclude the Workers' Compensation Court did not err in considering the medical reports in this case.

The issue remains whether the manner in which the reports were considered constitutes a deprival of claimant's fundamental right to cross-examination. Claimant, in this regard, relies on Rumsey v. Cardinal Petroleum, (1975), 166 Mont. 17, 24, 530 P.2d 433. In Rumsey, the Division heard conflicting medical testimony on the issue of whether an accident was the cause of the claimant's injured condition. Following the hearing, the hearings officer forwarded portions of the file to an independent physician for his opinion. The physician returned a report supporting the position of defendants. Counsel for claimant objected to consideration of such report by the hearings officer. This Court held:

> "The Division erred in basing its decision upon an independent medical report made by a physician appointed by the Division, accompanied by denial of the right to cross-examine and rebut." 166 Mont. 24.

There is a vast difference, however, between reports compiled and submitted following a hearing, leaving no opportunity to make further inquiry or otherwise rebut, and reports filed prior to the hearing, of which the parties have notice and the opportunity to rebut, if adverse to their respective positions. The distinction is recognized, at least impliedly, in recent decisions of this Court. Bond v. St. Regis Paper Co., supra; Brurud v. Judge Moving & Storage Co., Inc., supra.

In the instant case, claimant had notice, well in advance of the hearing, that defendants would rely on the reports of claimant's treating physicians, particularly those of Drs. Burton and Robins, to the effect that claimant's disability had been terminated, and she was able to return to her usual employment. Claimant had ample opportunity to cross-examine the doctors

by way of pre-hearing deposition, or by calling them as witnesses at the hearing. See: Rule 11, Workers' Compensation Court Procedural Rules; section 82-4220, R.C.M. 1947. This claimant failed to do. Rather, the record suggests claimant attempted to rebut the essential findings of the doctors by way of her own testimony at the hearing. We hold the hearing did not deprive claimant of her right to cross-examination.

Issue 2. Following the hearing, claimant moved the court for an order permitting her to take the depositions of Drs. Burton and Robins at the expense of defendant carrier. The motion was denied. Claimant alleges the denial of the motion was error. Claimant's argument is premised upon her first argument, offered as an alternative, to insure her right to cross-examination.

While the Workers' Compensation Court may approve a party's motion for the taking of depositions subsequent to a hearing, there exists no authority for imposing the costs thereof upon the adverse party. Rather, Rule 11 of the Workers' Compensation Court Rules clearly states:

> "The cost of the deposition shall be borne by the party requesting the deposition."

Therefore, the court did not err in denying claimant's motion to depose the named doctors at the expense of the carrier in this case.

Issue 3. Claimant argues the court erred in refusing to grant claimant a rehearing in the light of newly discovered evidence. The hearing was held July 13, 1976, and the court took the matter under advisement. On August 17, claimant was treated by another chiropractor, Dr. D. J. McMannis. Dr. McMannis reported claimant's layoff would be "indefinite" and that permanent disability was "undetermined". The report was received by the court and placed in its file on August 31. The court entered its findings and conclusions on September 13, without apparent reference to the McMannis report.

At this time, the parties were evidently unaware of the report. Claimant's counsel, however, in petitioning for rehearing on September 28, stated he had been informed by claimant that another doctor had examined her and would state under oath that she would be unable to return to work. On October 18, the court entered its order denying a rehearing, indicating "no evidence to the contrary" had been shown.

Whether a rehearing should be granted is within the discretion of the Workers' Compensation judge. Rule 19, Workers' Compensation Court Procedural Rules.

Rule 10 of the Workers' Compensation Court Procedural Rules mandates free exchange of medical reports between the parties. Here, as of the time of the final order and judgment disposing of the case, defendants had yet to receive notice of the contents of the McMannis report. As defendants were, by claimant's actions, unable to respond to or otherwise prepare rebuttal for the substance of the McMannis report, it was not an abuse of discretion for the Workers' Compensation Court to fail to consider it in reviewing the petition for rehearing.

Further, we find, despite the McMannis report, there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. McAlear v. Arthur G. McKee & Company, (1976), ____Mont.____, 558 P.2d 1134, 33 St.Rep. 1337; Skrukrud v. Gallatin Valley Laundry Co., Inc., (1976), ____Mont. ____, 557 P.2d 278, 33 St.Rep. 1101. Here, we find the overwhelming weight of medical evidence supports the conclusion that claimant's disability had terminated and she was not entitled to further compensation or medical benefits therefor.

The order and judgment of the Workers' Compensation Court, denying additional compensation, benefits, and a rehearing, are affirmed.

_____
                              Justice

- 8 -

We concur:

_Frank I. Haswell_

_Gene B Daly_

_Daniel J. Shea_
Justices