DELILAH B. HART, Claimant and Appellant, *v.* J. J. NEW-
BERRY COMPANY, Employer, and LUMBERMAN MUTUAL
CASUALTY COMPANY, Defendant and Respondent.

No. 14075.
Oct. 11, 1978.
587 P.2d 11.

ORDER ON PETITION FOR
REHEARING

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Employer and respondent have petitioned for a rehearing in this cause and claimant has filed her objections thereto.

In the petition for rehearing, it is contended that earlier decisions of this Court have permitted consideration by the Workers' Compensation Court of unsworn medical reports not offered in evidence; and that the unsworn report of Dr. Dinapoli in this case, not offered in evidence, is sufficient to sustain that decision of the Workers' Compensation Court against claimant.

These contentions point out the necessity for this Court to clarify and redefine the role of the Workers' Compensation Court, and the practices to be followed therein to assure due process.

The Workers' Compensation Court is authorized by section 82A-1016, R.C.M. 1947, and by that section allocated to the Department of Administration for administrative purposes only. Although hearings before the Workers' Compensation Court are considered to be administrative proceedings, *Stevens v. Glacier*

*General Assurance Company* (1978), 176 Mont. 61, 575 P.2d 1326, the decisions of the Workers' Compensation Court are not appealable to the District Courts as is the case with other administrative tribunals. Sections 92-852 and 82-4216, R.C.M.1947. Instead, an appeal from a decision of the Workers' Compensation Court comes directly to the Supreme Court of this State, Section 92-852, supra. The only opportunity for a worker, an employer, or a carrier to obtain an evidentiary hearing with a record for review respecting the subject in dispute, in Workers' Compensation cases, is the hearing that is held before the Workers' Compensation judge.

A worker, employer or carrier is entitled to due process in the proceedings before the Workers' Compensation Court. The right of cross-examination of adverse witnesses in administrative proceedings is constitutionally protected. *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

The Workers' Compensation judge is specifically exempted from common law and statutory rules of evidence. Section 92-852, supra. This exception, however, does not apply to the right of cross-examination, which is a fundamental right and not an evidentiary rule. *Employers Commercial Union Ins. Group v. Schoen* (Alaska 1974), 519 P.2d 819; *Puncec v. City and County of Denver* (1970), 28 Colo.App. 542, 475 P.2d 359. In fact, the Workers' Compensation Court is bound by the provisions of section 82-4210, R.C.M. 1947, relating to hearings before administrative agencies, of which section 82-4210(3), R.C.M.1947, provides that a party shall have the right to cross-examination for full and true disclosure of facts. This statutory provision makes the right of cross-examination absolute. *Employers Commercial Union Ins. Group*, supra.

Statements contained in documents which are part of the Workers' Compensation case file, either before the division or before the Workers' Court, cannot be considered by the Workers' Compensation judge unless offered in evidence at the hearing, or it is material of which the Workers' Compensation Court may take judicial notice. This, because section 82-4209(7), R.C.M.1947, re-

quires that findings of fact [of the Workers' Compensation Court] shall be based exclusively on the evidence and on matters officially noticed. Section 82-4210(4), R.C.M.1947, provides what material may be judicially noticed. As we stated in our opinion in this cause, the Workers' Compensation Court may not take judicial notice of nonadjudicative facts.

The reason documents which are not entitled to judicial notice must be offered in evidence is that this is the method by which opposing parties can make their objections known to the Workers' Compensation Court.

". . . The office of an objection is to stop an answer to a question put to a witness, or to prevent the receipt of a document in evidence until the Court has had opportunity to make a ruling on its admissability; the objection lays the foundation for an exception to an adverse ruling by the Court, warning both court and counsel that such adverse ruling may be the basis of appellate review . . ." 75 Am.Jur.2d 248, Trial § 162.

Section 92-814.1, R.C.M.1947, does provide that the *division* may require a claimant to submit to physical examination, and further authorizes the *division* to utilize the written report of the physician in its determination of the controversy involved. This statute by its terms is limited to the *division* itself, and empowers its use of written medical reports only as long as the claim is within the administrative power of the division, *before* it gets to the Workers' Compensation Court. Section 92-814.1 cannot be construed to take away the constitutional and statutory right of cross-examination accorded to parties before the Workers' Compensation Court, in their last opportunity for an evidentiary hearing before the Supreme Court review.

For those reasons, the letter of Dr. Dinapoli, not offered in evidence, and not containing material which may be judicially noticed, is not a sufficient basis upon which the decision of the Workers' Compensation Court could be sustained.

Thus, it is the duty of any party before the Workers' Compensation Court, whether he be a worker, employer or carrier, if

that party intends to rely on the medical evidence in a written medical report, to present the medical person or expert who is the author of the same for cross-examination either by deposition or by testimony at the hearing.

Of course, the parties may agree by stipulation that the expert witness need not be produced for deposition or testimony, or the right of cross-examination may be waived by any party.

As we noted in our opinion, respondent's exhibit No. 1, containing letters from 3 doctors, was not entitled to any consideration by the Workers' Compensation Court. It has not been filed and served in accordance with Rule 10 of the Workers' Compensation Court, which requires the free exchange of medical reports and medical information obtained by any party prior to the scheduled hearing.

In this case, authors of the letters were not produced for cross-examination. Respondent attempted to get the reports into evidence "through the back door" by asking Dr. Haaby, as he was being cross-examined, if he agreed with or disagreed with the letter reports of the other doctors. This was improper procedure and should not have been allowed. In *Galveston, H. & H. R. Co. v. Alberti* (1907), 47 Tex.Civ.App. 32, 103 S.W. 699, the Texas Appellate Court said:

"It was not error for the Court to sustain an objection of plaintiff to a question asked by defendants to a doctor, as to whether he concurred in a supposed opinion of another doctor as to the extent of the injury to plaintiff's ankle. Each witness could give his professional opinion as to the extent of the injury, and if it was material to ascertain whether they coincided, the *jury then determine* whether or not there was the usual difference between such professional gentlemen regarding the subject-matter of the inquiry as is found to exist in regard to other matters." (Emphasis added).

The petitioners also contend our decision in this case is in conflict with the decisions of *Stevens v. Glacier General Assurance Company* (1978), 176 Mont. 61, 575 P.2d 1326; *Bond v. St. Regis Paper Company* (1977), 174 Mont. 417, 571 P.2d 372; and *Brurud v. Judge Moving and Storage Company, Inc.* (1977), 172 Mont. 249, Mont. 563 P.2d 558.

Although language may be found in those cases which seems to conflict with our holding in this case, an examination of what the court was deciding in those cases reveals that the decisions in those cases were correct and do not present a real conflict with our decision here. In *Stevens*, supra, at the hearing, claimant did not present any medical testimony and the Workers' Compensation Court denied her claim based on unsworn medical reports contained in a file from her treating physicians. Claimant attempted to rebut the findings of the doctors by her own testimony at the hearing, unsupported by medical evidence. Thus, regardless of what this Court said in the opinion, claimant had failed to carry her burden of proof with respect to her physical condition arising out of the industrial accident. Also, in that case, her further petition that the depositions of the doctors be taken at the expense of the employer was denied and properly so, because if she relied on the evidence of those doctors, it was her duty to present those factors for cross-examination.

Thus, in *Stevens*, although this Court permitted the consideration of the medical reports in the Workers' Compensation file, it was not necessary to the decision, because claimant had failed to establish by medical evidence that her injury was related to her accident.

In *Bond v. St. Regis Paper Company*, supra, the Workers' Compensation Court considered a medical report in the file, but the question raised on appeal was whether that medical evidence showed claimant's condition had been *aggravated* through his work. The precise question of the court's consideration of the report itself was not presented.

In *Brurud v. Judge Moving and Storage Company, Inc.* supra, it appears the medical reports which were considered by the hearing examiner were relied on by the respective parties in submitting their case without the actual appearance of doctors. Again, the precise issue was not presented as to whether the court should consider unsworn medical reports, absent agreement of the parties.

Irrespective of what may have been said in earlier cases,

however, the constitutional right to due process and a fair evidentiary hearing in Workers' Compensation cases requires the procedure we have outlined above before the Workers' Compensation Court.

Petitioner further argues that we should not have ordered the Workers' Compensation Court to find claimant permanently disabled, because of the possibility she may recover her work ability. That contention is answered by the fact that the Court has continuing jurisdiction under section 92-848(4), R.C.M.1947, to renew, diminish or increase any benefits awarded.

Our original opinion having been so clarified, the petition for rehearing is denied.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEA, concur.