No. 83-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

FAYE SOELTER,

      Claimant and Respondent,

  -vs-

ST. VINCENT HOSPITAL, Employer,

    and

AETNA LIFE & CASUALTY CO.,

      Defendant and Appellant.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
              Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anderson, Brown, Gerbase, Cebull & Jones;  Richard F.
        Cebull, Billings, Montana

    For Respondent:

        William T. Kelly, Billings, Montana
        Patrick L. Prindle, Billings, Montana
        Halverson & Sheehy, Billings, Montana

                  Submitted on Briefs:  May 17, 1984

                              Decided:  June 27, 1984

Filed:  JUN 27 1984

*Ethel M. Harrison*

_____
                 Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

St. Vincent Hospital (Hospital) and its insurer appeal the judgment of the Workers' Compensation Court granting permanent total disability benefits to Faye Soelter. The Workers' Compensation Court concluded that liberal interpretation of the Act allowed it to resolve a conflict in medical testimony by finding as facts only those medical opinions which substantiated the claim. We reverse the judgment of the Court.

The uncontested facts are that claimant was injured in an industrial accident in December 1977 in the course of her employment by the Hospital. The claim was accepted and compensation benefits were paid from November 16, 1978 to November 20, 1980. At the time of trial, claimant was a 48 year old divorced woman with an eighth grade education. Her work experience consisted of working as a nurses' aide for the preceding twelve years. While lifting a patient into a wheelchair on December 26, 1977, claimant suffered the injury.

The findings of fact of the court regarding medical evidence can be summarized as showing that Dr. Nelson made extensive examinations; that Dr. Snider performed a laminectomy; that claimant had complained of severe lower back pain; that the laminectomy was aimed at relieving that pain; that claimant continued to complain of lower back pain; that by October 7, 1980 claimant had recovered as much as the permanent character of her injuries would permit; that subsequent to October 7, 1980, claimant has continued to complain of lower back pain to the four different doctors who examined her; that claimant has not been malingering; that based on Dr. Nelson's deposition, claimant's condition may be

summarized as a chronic back disorder; that claimant is obese; and that her obesity is not the cause of her chronic back disorder.

Regarding psychological evidence, the court further found that claimant had a hypochondriacal personality, which her doctor defined as one who tends to be preoccupied with physical illness or symptoms which she may have and which she interprets as being a physical illness of some kind; that the chronic pain from the industrial accident and surgeries aggravated claimant's pre-existing psychological condition; that psychological counseling or psychotherapy would not cure claimant's hypochondria, but could relieve her from depression, agitation and anxiety; that claimant has not been receptive to receiving psychological counseling; and that claimant does not believe she has a psychological problem.

The court further found that claimant has chronic lower back pain and that pain prevents her from doing some of the housework she previously had done; that claimant cannot return to work as a nurses' aide; that claimant cannot work at a job requiring repetitious bending, lifting or stooping; and that claimant is physically capable of doing sedentary or other undemanding work.

After making these and other findings, the Workers' Compensation Court concluded that claimant's physical healing is complete and that, as a result of her industrial accident, claimant has been permanently totally disabled since October 7, 1980. The issues presented by the Hospital are:

> (1) Does the Workers' Compensation Act require liberal construction of the expert medical testimony so that only testimony which supports the claim is taken as fact and adverse testimony is disregarded?

(2) Did the Workers' Compensation Court err in finding claimant to be permanently totally disabled because she could not return to her occupation as a nurses' aide?

I

The first issue arises from the following conclusions of the Workers' Compensation Court:

"The medical testimony cannot in this case be harmonized. Because this testimony was before this Court in the form of depositions, it was not in a position to observe the demeanor of the physicians or judge their credibility. But even if they had personally appeared before this Court, how on the basis of the credibility of the witnesses is this Court to resolve Dr. Smith's conclusion that the Claimant can return to work as a nurse's aide . . . and Dr. Snider's conclusion that she cannot? . . . Dr. Smith is a neurological surgeon and Dr. Snider is an orthopedic surgeon; . . . There are many other instances in the record where conclusions of the medical experts fall short of unanimity regarding her physical and mental conditions, their cause and their influence on her ability to work. . . .

". . . In resolving conflicts of this nature, the approach that is most consistent with the legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court's recognition that this directive is intended to carry out the humane purposes of the Act is to resolve the conflict in the deposition testimony of medical experts by finding as facts those expert medical opinions that will substantiate a claimant's claim for compensation . . . Why should this Court penalize a claimant because the experts in an inexact science disagree?

. . .

"Applying the above method of conflict resolution to the deposition testimony of the medical experts, this Court has found that the claimant injured her lower back in her industrial accident . . . and that she cannot return to work as a nurse's aide." (emphasis supplied)

We can understand the difficulty of analyzing the medical testimony of four different attending physicians whose conclusions differ. We can also understand the frustration in seeking to evaluate depositions without the opportunity to hear the medical testimony. Notwithstanding

these difficulties, the claimant must prove her case by a preponderance of the probative credible evidence and the court must weigh all the evidence presented to it.

In Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1105, this Court stated:

"Not only must claimant prove her case by a preponderance of the evidence, she must do so by a preponderance of the probative credible evidence."

Section 39-71-104, MCA provides: "Whenever this chapter or any part or section thereof is interpreted by a court, it shall be liberally construed by such court." In applying this rule of liberal construction, the Court has stated:

"Any doubt after all the evidence has been considered should be construed for the compensation claimant when the weight of evidence is in favor of the worker." Hert v. J.J. Newberry Co. (1978), 178 Mont. 355, 365, 584 P.2d 656, 662.

This rule of liberal construction does not relieve the court of its duty to carefully consider all of the evidence before determining whether the weight of the evidence presented supports the worker's claim. As we noted in Ness v. Diamond Asphalt Co. (1964), 143 Mont. 560, 565, 393 P.2d 43:

"Whenever physical ailments are involved, there is almost always some doubt present. We feel the doubt remaining after all the evidence had been considered should be construed for the workman or his family when the weight of the evidence is in favor of the workman." (emphasis supplied)

The conclusion of law of the Workers' Compensation Court suggests that the court disregarded the medical evidence unfavorable to the claimant and based its conclusion only upon the medical evidence favorable to claimant. That the court is not allowed to do. The court is required to consider all of the evidence submitted by the parties without bias or favor toward or against any party. Though it may be simpler to disregard a portion of the medical evidence because it contradicts other medical evidence, the court is not permitted to do so.

-5-

Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings of fact and conclusions of that court. Small v. Transportation Insurance Co. (Mont. 1984), _____ P.2d _____, 41 St.Rep. 776, 781. We are unable to discharge that responsibility where the lower court has used an improper standard in weighing the medical evidence submitted to it. While it might be possible in other cases for us to review the medical evidence which is submitted in deposition form, in this case there is oral testimony on the part of the claimant and others, which must also be balanced by the lower court.

We conclude that the Workers' Compensation Court may not arbitrarily reject medical evidence because it does not substantiate a claim for compensation. Liberal construction of the Act does not allow the court to disregard some portion of the medical evidence before it.

## II

Did the Court err in finding claimant permanently totally disabled because she could not return to her former occupation as a nurses' aide?

Because of the position taken by the court regarding the medical evidence, we are not able to review the conclusion of the court. It appears that the Workers' Compensation Court may have erroneously excluded evidence from its consideration in reaching the conclusion that claimant could not return to her former occupation as a nurses' aide. We therefore require a redetermination of this question.

The judgment of the Workers' Compensation Court is reversed and the cause is remanded to the court for its

redetermination of facts, conclusions of law and judgment in a manner consistent with this opinion.

_____
Justice

We concur:

_____
_____
_____
Justices

_____
Hon. Henry Loble sitting for
Justice John C. Sheehy

- 7 -

Mr. Justice Frank B. Morrison, Jr. respectfully dissents as follows:

The majority places undue emphasis upon the thought processes of the Workers' Compensation Judge as reflected in the conclusions quoted in the majority opinion. Specifically the majority reverses because of the following language:

"'. . . In resolving conflicts of this nature, the approach that is most consistent with the legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court's recognition that this directive is intended to carry out the humane purposes of the Act is to resolve the conflict in the deposition testimony of medical experts by finding as facts those expert medical opinions that will substantiate a claimant's claim for compensation . . . Why should this Court penalize a claimant because the experts in an inexact science disagree?'"

The majority reads that language to mean the Workers' Compensation Court would always resolve conflicts in the medical evidence in favor of the claimant. I do not think that is a proper construction of the above-quoted language. I believe the Workers' Compensation Court is simply saying that, if after reading all of the medical depositions, the Workers' Compensation Court is unable to resolve the conflicts, then liberal construction of the Act tips the balance in favor of the claimant. I find it unnecessary to determine whether this is a proper approach.

The testimony to which the Workers' Compensation Court referred was deposition testimony from medical experts. The only evidence offered to support position of appellant was deposition testimony from physicians. Under our scope of review this Court is entitled to evaluate the credibility of deposition testimony for the reason that the trial court did not observe the demeanor of the witnesses. This Court is in as good a position to evaluate credibility of deposition testimony as is the trial court.

8

In this case the medical testimony clearly preponderates in favor of the claimant. Therefore, the findings of the Workers' Compensation Court find ample support in the record. Any confusion on the part of the lower court about resolving conflicts in the evidence is harmless error.

Since this is a dissent, I will volunteer that the Workers' Compensation Court may well have applied a proper standard. At times it seems very difficult for a lay person to resolve conflicting testimony between two equally well qualified physicians. At this point, if the trier of fact resolved the conflict by invoking the liberal construction spirit of the Act, I can see no harm. This does not mean that the defendant's medical testimony is always disregarded in favor of that offered by claimant. It simply means that where the trier of fact reaches a point where resolution of conflict is not otherwise possible, the spirit of the Act is invoked. It is apparent from the detailed findings of the Workers' Compensation Court that all evidence was thoroughly analyzed and weighed. Under these circumstances it seems to me the trial court fostered the spirit of the Act in resolving the conflict in the way it did. A remand seems a futile exercise and worse, it further delays justice for this injured worker.

_____
Justice

Mr. Justice Frank I. Haswell, dissenting.

It seems to me that the majority have become hyper-technical in reversing the judgment of the Workers' Compensation Court. In so doing they have invaded the province of the fact finder under the guise of interpreting legal standards concerning weighing evidence.

Here two highly qualified medical specialists reached opposite and contradictory conclusions on whether claimant was able to return to work. The Workers' Compensation Judge resolved this factual issue in favor of claimant because of "the Legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court's recognition that this directive is intended to carry out the humane purposes of the Act." The majority have reversed the Judge's factual determination that claimant is not able to return to work because they say his reasoning is wrong. What rule of law empowers this Court to probe the mental processes of a judge or jury in resolving a factual controversy?

The Supreme Court on appeal is bound by the Workers' Compensation Court's decision on the facts if there is substantial credible evidence in the record to support that decision. Catteyson v. Falls Mobile Home Center, Inc., et al. (1979), 183 Mont. 284, 599 P.2d 341; McGee v. Bechtel Corporation (1979), 182 Mont. 149, 595 P.2d 1156; Smith v. Pierce Packing Co. (1978), 177 Mont. 267, 581 P.2d 834; Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67; Bond v. St. Regis Paper Co. (1977), 174 Mont. 417, 571 P.2d 372.

Here the testimony of Dr. Snyder furnishes substantial credible evidence to support the factual finding that claimant is not able to return to work. I would affirm.

Chief Justice

10