MR. CHIEF JUSTICE HASWELL,
dissenting:
It seems to me that the majority have become hypertechnical in reversing the judgment of the Workers’ *58 Compensation Court. In so doing they have invaded the province of the fact finder under the guise of interpreting legal standards concerning weighing evidence.
Here two highly qualified medical specialists reached opposite and contradictory conclusions on whether claimant was able to return to work. The Workers’ Compensation Judge resolved this factual issue in favor of claimant because of “the Legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court’s recognition that this directive is intended to carry out the humane purposes of the Act.” The majority have reversed the Judge’s factual determination that claimant is not able to return to work because they say his reasoning is wrong. What rule of law empowers this Court to probe the mental processes of a judge or' jury in resolving a factual controversy?
The Supreme Court on appeal is boiund by the Workers’ Compensation Court’s decision on the facts if there is substantial credible evidence in the record, to support that decision. Catteyson v. Falls Mobile Home Center, Inc., et al. (1979), 183 Mont. 284, 599 P.2d 341; McGee v. Bechtel Corporation (1979), 182 Mont. 149, 595 P.2d 1156; Smith v. Pierce Packing Co. (1978), 177 Mont. 267, 581 P.2d 834; Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67; Bond v. St. Regis Paper Co. (1977), 174 Mont. 417, 571 P.2d 372.
Here the testimony of Dr. Snider furnishes substantial credible evidence to support the factual finding that claimant is not able to return to work. I would affirm.