*315 MR. JUSTICE SHEEHY,
dissenting:
The statement of the majority that “Billings Processors had no actual knowledge of either an injury or a job-induced aggravation of a preexisting condition in this case,” is not founded on fact in the record, and is expressly adverse to the findings of the Workers’ Compensation Court.
The findings of the Workers’ Compensation judge include the following:
“Fourth, claimant testified that he told his supervisors that his work was causing him problems. Admittedly, there are some inconsistencies in claimant’s testimony. There are conflicts between claimant’s testimony and the testimony of the employers’ representatives. However, the inconsistencies and conflicts are caused more by the artful phrasing of questions rather than by claimant’s or his supervisors response. Claimant, may, indeed, have never been so specific as to say — T have suffered an on-the-job industrial injury — to this part of my right arm — on this date — resulting in this condition.’ — but; claimant did impart sufficient information to his employers for them to have actual knowledge of injury . . .”
Based on conflicting evidence of the record, the court resolved the matter of credibility and determined:
“The employer knew of the preexisting condition, knew claimant was having problems, knew claimant had to stop work to have surgery for his problem, and knew claimant’s work was aggravating claimant’s symptoms. This actual knowledge is sufficient to satisfy both the letter and the purpose of the notice requirements of Section 39-71-603, MCA.”
For more than 50 years, this Court has been saying that the first duty of those who administer the Workers’ Compensation Act is to give the employee the greatest possible protection consistent with its purposes. Miller v. Aetna Life Insurance Company (1936), 101 Montana 212, 53 P.2d 704; in considering the Workers’ Compensation Act, all of the sections as originally enacted or amended, must be considered together in such manner as to give effect to the Act as a whole. State ex rel. Roundup Coal Mining Company v. Industrial Accident Board (1933), 94 Mont. 386, 23 P.2d 253.
The majority have not followed the standard of review applicable to workers’ compensation cases. We have said that the decisions of the Workers’ Court will not be disturbed if supported by substantial evidence. Skrukrud v. Gallatin Laundry Company, Inc. and Employees Commercial Union Insurance Company (1976), 171 Mont. *316 217, 557 P.2d 278. Where findings are based on conflicting evidence, the reviewing court’s function is confined to determining whether there is substantial evidence supporting such findings. It is not the court’s function to determine whether there is sufficient evidence to support contrary findings. Wilson v. Glacier General Assurance Company (Mont. 1983), 206 Mont. 63, 670 P. 931, 40 St.Rep. 1509; Stamatis v. Bechtel Power Corporation (1979), 184 Mont. 64, 601 P.2d 403. We have always stated that we will not substitute our judgment for that of the Workers’ Compensation Court as to the weight of evidence on questions of fact. Robbins v. Anaconda Aluminum Company (1978), 175 Mont. 514, 575 P.2d 67; Brurud v. Judge Moving and Storage Company (1977), 172 Mont. 249, 516 P.2d 558.
In the light of the findings made by the Workers’ Compensation Court on disputed evidence, and the usual standards of review applied to such findings, the duty of this Court is to sustain the decision of the Workers’ Compensation Court, and not set it aside on the dubious authority of a 1917 California case.
This Court has become the trier of both fact and law.
MR. JUSTICE HUNT concurs with the foregoing dissent.